Appeal 24-2980

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT
_____

MITCHELL D. GREEN,

    Petitioner-Appellant,

vs.                                                    Trial 24-CV-295

MILWAUKEE COUNTY CIRCUIT COURT,

    Respondent-Appellee.

---

Appeal from a decision and order dismissing habeas petition entered
September 25, 2024 in the Eastern District of Wisconsin,
Honorable William E. Duffin, Magistrate Judge, presiding.

---

REPLY BRIEF OF PETITIONER-APPELLANT

---

                                                          JOHN T. WASIELEWSKI
                                                          Wis. Bar ID No. 1009118
                                                          Attorney for Petitioner-Appellant

Wasielewski & Erickson
1437 North Prospect Avenue
Suite 205
Milwaukee, WI 53202

(414) 278-7776
jwasielewski@milwpc.com

# TABLE OF CONTENTS

TABLE OF AUTHORIES ................................................................................ 2

ARGUMENT .................................................................................................. 4

**Retrial of Mr. Green after his first trial was aborted by a mistrial declared without his consent and without manifest necessity would violate his right against Double Jeopardy** ................................................................... 4

    A.    *Double jeopardy claims are an exception to the general rule that federal courts abstain from intervening in pending state prosecutions* ........................................................... 4

    B.    *No manifest necessity supports the mistrial declared in Mr. Green's case* ................................................................... 9

CONCLUSION ............................................................................................ 14

CERTIFICATION OF COMPLIANCE
WITH FRAP 32(a)(7), FRAP 32(g)
AND CIRCUIT RULE 32(c) ....................................................................... 14

TABLE OF AUTHORITIES

**Cases**

*Arizona v. Washington*, 434 U.S. 497,
    98 S.Ct. 824, 554 L.Ed.2d 717 (1978) ................................ 8, 10, 12-13

*Drayton v. Hayes*, 589 F.2d 117 (2nd Cir. 1979)........................................5, 7-8

*Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018) ......................................................6

*Gilliam v. Foster*, 75 F.3d 881 (4th Cir. 1996)................................................. 5-6

*Gully v. Kunzman*, 592 F.2d 283 (6th Cir. 1979) ...............................................6

*In re Justices of the Superior Court Department*
    *of the Massachusetts Trial Court*, 218 F.3d 11 (1st Cir. 2000) .............5

*Mannes v. Gillespie*, 967 F.2d 1310 (9th Cir. 1992) .........................................6

*Satter v. Leapley*, 977 F.2d 1259 (8th Cir. 1992) ...............................................6

*State v. Denny*, 120 Wis.2d 614,
    357 N.W.2d 12 (Ct. App. 1984) .......................................................... 11

*State v. Smith*, 465 N.J.Super. 515, 244 A.3d 296
    (N.J. Super. Ct. App. Div. 2020).................................................... 9-10

*Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010)...................................... 4, 7

*United States v. Perez*, 22 U.S. 579, 9 Wheat. 579 (1824).............................9

*Wade v. Hunter*, 336 U.S. 684,
    69 S.Ct. 834, 93 L.Ed.2d 974 (1949) ....................................................9

*Winn v. Cook*, 945 F.3d 1253 (10th Cir. 2019)............................................. 6-7

*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746,
    27 L.Ed.2d 669 (1971) ........................................................................ 4-7

**Statutes**

Wis. Stat. §908.04(1)(a) ............................................................................... 11

Wis. Stat. §908.045(1) ................................................................................. 11

ARGUMENT

**Retrial of Mr. Green after his first trial was aborted by a mistrial declared without his consent and without manifest necessity would violate his right against Double Jeopardy**

*A.     Double jeopardy claims are an exception to the general rule that federal courts abstain from intervening in pending state prosecutions*

In Mr. Green's habeas petition, he acknowledged the general principle that federal courts do not intervene in pending state prosecutions, citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). 1: 14. However, Mr. Green also pointed to this Court's statement that, *Younger* notwithstanding, a state pretrial detainee may seek habeas relief "if immediate federal intervention is necessary to prevent the challenge from becoming moot" as in the case of a Double Jeopardy violation, citing *Sweeney v. Barstow*, 612 F.3d 571, 573 (7th Cir. 2010). 1: 14. In its answer, the State made no assertion that *Younger* abstention should apply to Mr. Green's claim. 10: 1-7. Likewise in its brief in the District Court, the State did not mention *Younger* or abstention. 18: 1-18. The Magistrate Judge did not mention *Younger*. 20: 1-14.

The State now asserts *Younger* abstention for the first time; specifically,

the State asks this Court to create and adopt a novel rule that *Younger* abstention should apply to a habeas petitioner's Double Jeopardy claim when a state appellate court has addressed the merits of the claim. 13: 18-23. The State cites no cases, from this Circuit or elsewhere, which have adopted the rule the State proposes.

At least eight other Circuits have stated that Double Jeopardy claims fall outside of the purview of *Younger* abstention. *In re Justices of the Superior Court Department of the Massachusetts Trial Court*, 218 F.3d 11, 19 (1st Cir. 2000) (Habeas relief seeking pretrial review of Constitutional challenges to state criminal proceedings is not available "[w]ith the notable exceptions of cases involving double jeopardy and certain speedy trial claims."); *Drayton v. Hayes*, 589 F.2d 117, 120-121 and note 7 (2nd Cir. 1979) ("The rationale for granting a pretrial writ of habeas corpus in double jeopardy cases is evident. The double jeopardy clause provides protection not only from exposure to repeated risks of conviction but from the ordeal of multiple trials." "Under our analysis, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, cited by the appellees, is simply inapposite."); *Gilliam v. Foster*, 75 F.3d 881, 905 (4th Cir. 1996) ("[B]ecause the Double

Jeopardy Clause of the Fifth Amendment protects not only against multiple convictions but also against being twice put to trial for the same offense, a portion of the constitutional protection it affords would be irreparably lost if Petitioners were forced to endure the second trial before seeking to vindicate their constitutional rights at the federal level." (citations, quotation marks and footnote omitted.)); *Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018) ("Double-jeopardy claims can constitute the kind of extraordinary circumstances that justify an exception from *Younger*."); *Gully v. Kunzman*, 592 F.2d 283 (6th Cir. 1979) (Double jeopardy claim considered, and other claims rejected under *Younger*, in habeas action seeking to preclude retrial.); *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992) ("It is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause."); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) ("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of *Younger*. . .."); *Winn v. Cook*, 945 F.3d 1253, 1262 (10th Cir. 2019) ("This court has recognized a second circumstance in which *Younger* does not require abstention from orders affecting a criminal

trial: where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of her double jeopardy rights." (internal quotation marks and citation omitted)).

The State seeks to undermine Judge Posner's acknowledgment in *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) that *Younger* abstention should not apply to pretrial habeas claims which will become moot if not addressed, such as Double Jeopardy claims. 13: 18-19. While the State quibbles with the specifics in the two cases upon which Judge Posner relied, the State fails to acknowledge that the principle that Double Jeopardy claims are exempt from *Younger* is widely accepted, as shown in the previous paragraph. Moreover, the State does not seek to overturn this principle, but to limit it in cases where a state appellate court has addressed the merits of the Double Jeopardy claim.

The State cites no case imposing its desired rule to abstain from hearing a Double Jeopardy claim upon which a state appellate court has ruled. Indeed, the decision in *Drayton* is contrary to the State's position. The *Drayton* court noted that Mr. Drayton had exhausted his state remedies: the New York Appellate Division denied relief and the Court of Appeals denied review.

*Drayton*, 589 F.2d at 120. Even though the Appellate Division had ruled on the merits, the *Drayton* Court deemed federal habeas review appropriate:

> As the habeas corpus remedy is structured, however, once the petitioner has exhausted his state remedies, there is no further bar to the assumption of federal jurisdiction, for the deference owed to the state judicial system demanded by principles of comity and federalism has been paid. This holds true in the double jeopardy context, even when the petition is entertained in federal court before the second trial has commenced.

*Drayton*, 589 F.2d at 120. In support of this conclusion, the *Drayton* Court noted that the Supreme Court had addressed the merits of a pretrial Double Jeopardy claim in *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). *Drayton*, 589 F.2d at 120.

The State makes no claim that Mr. Green failed to exhaust State remedies. The State seeks to turn the merit of meeting exhaustion requirements into an impediment to this Court's review. No case supports this request. Mr. Green asks this Court to reject the State's request to fashion such a new rule.

> B. *No manifest necessity supports the mistrial declared in Mr. Green's case.*

Mr. Green asserts that the mistrial declaration in his state trial was not manifestly necessary. The State faults Mr. Green's argument for focusing "primarily on the admissibility of the testimony that led to the mistrial rather than the process used to arrive at the decision." 13: 29. The argument that no law or ruling required pretrial disclosure of the testimony "gives insufficient attention to the process that the trial court used in arriving at its decision to declare a mistrial." 13: 29-30. According to the State, the "process—not the ultimate decision—constituted the exercise of discretion" now under review. 13: 30. The State seems to assert that if a trial judge merely demonstrates going through a certain "process," the resulting decision should be accepted even when, as in Mr. Green's case, the decision reached by the trial court is wrong.

Mr. Green does not assert merely that testimony that led to the mistrial was admissible; more broadly, he asserts that no error occurred. 3: 40 et seq. The mistrial decision was not founded upon any evidentiary or procedural error, and therefore was not manifestly necessary.

Some mistrials based on manifest necessity may occur due to

circumstances outside of the control of the parties or the court. *United States v. Perez*, 22 U.S. 579, 9 Wheat. 579 (1824) (deadlocked jury); *Wade v. Hunter*, 336 U.S. 684, 687, 69 S.Ct. 834, 93 L.Ed.2d 974 (1949) (court martial charges dropped mid-trial due to "tactical situation"); *State v. Smith*, 465 N.J.Super. 515, 244 A.3d 296 (N.J. Super. Ct. App. Div. 2020) (mistrial due to the onset of the COVID-19 pandemic).

When a court declares a mistrial based on actions of the parties during trial, the mistrial is manifestly necessary only if the actions giving rise to the mistrial constitute error which may have affected the impartiality of the jury. *Arizona v. Washington*, 434 U.S. 497, 510-511, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). The *Washington* Court considered and rejected the habeas petitioner's claim that his opening statement was proper because the evidence of prosecutorial evidence promised in the opening statement was admissible. *Washington*, 434 U.S. at 510-511. Only after finding an error which may have affected the impartiality of the jury did the Court in *Washington* proceed to evaluate whether the trial court exercised "sound discretion." *Washington*, 434 U.S. at 514-516.

Nowhere in its brief does the State identify any error which may have

affected the impartiality of the jury. The only mention of "error" occurs in describing trial judge's actions: "But after weighing all of the circumstances, it concluded that there was no way to 'unring that bell'—that is, there was no possibility to cure the error—mid-trial." 13: 29. However, the State fails to identify or specify any error in Mr. Green's trial which might have been cured by declaring a mistrial.

The State summarizes the trial court's two concerns which led to the mistrial. 13: 28. Neither of these concerns establish that any error occurred.

First, the State noted the trial court's concern that Mr. Cousin should have received the advice of counsel before testifying, and speculates he might not have testified had this occurred. 13: 28. However, the State first objected to Mr. Cousin's testimony only after his direct-and cross-examination were completed. As the Wisconsin Court of Appeals noted, Mr. Cousin's testimony could not be erased by declaring a mistrial. Apx. 164 (¶23); 10-4: 8. His testimony is a matter of record, and could be used at a future trial. Even if Mr. Cousin were to assert privilege and become unavailable, his prior testimony would be admissible. *See*, Wis. Stat. §908.04(1)(a) and §908.045(1).

Second the State points out that the trial judge was concerned that

raising a *Denny* defense without "proper notice" was "unfair to the State." 13: 28. Mr. Cousin's testimony did not fit the trial court's notion of fairness. Yet neither the trial court in its decision granting the mistrial (Apx. 177-184; 10-19: 26-33) nor the State in its brief explains why advanced notice of Mr. Cousin's testimony was legally required, or why the testimony itself was legally improper. The prosecutor did not know what to expect from Mr. Cousin's testimony only due to her failure to avail herself of any of several legal avenues; the Court of Appeals of Wisconsin explained:

> The State, however, had an opportunity to investigate Cousin before trial. Cousin's name and address were provided on the defense's witness list, which was filed five months in advance of the trial. The State also had the right to demand any "written or recorded statement" of Cousin. *See* WIS. STAT. § 971.23(2m)(am). The State did not do so. Moreover, at the start of trial, the defense identified Cousin as a witness it intended to call. At that point, or before Cousin took the witness stand, the State could have requested an offer of proof regarding the nature of Cousin's testimony. Again, the State did not do so.

Apx. 163-164 (¶20); 10-4: 7-8. Stated simply, due to lack proper preparation, the State was not ready to meet Mr. Green's defense.

The State asks this court to afford great deference to the decision of the Supreme Court of Wisconsin, citing general notions of comity. 13: 26-27. However, this Court need not fashion a standard of review. The Supreme

12

Court has determined that a mistrial declared based upon the State's lack of preparation should be viewed with strict scrutiny. *Washington*, 434 U.S. at 508 (footnotes omitted): "[T]he strictest scrutiny is appropriate when the basis for the mistrial is the unavailability of critical prosecution evidence, or when there is reason to believe that the prosecutor is using the superior resources of the State to harass or to achieve a tactical advantage over the accused."

The trial court declared a mistrial without finding any legal error which may have affected juror impartiality. This mistrial was based on the trial court's untethered notions of fairness, and not on the law. As such, contrary to the State's assertions (13: 31), the trial court acted irresponsibly. The trial court further explained its concept of fairness in denying reconsideration of the motion to dismiss:

> Now the State has time to send out their own investigator, send out more detectives, figure out a way that they can blow up or eviscerate or cross-examine Mr. Cousin and make it clear that he's lying; that he's making up the story only to cover for Mr. Green.

Apx. 170; 10-22: 38. Thus, the real reason for the mistrial is not that an error occurred which may have affected the impartiality of the jury, but that the State needed rescue from its own lack of preparation to meet the defense.

CONCLUSION

Petitioner-Appellant Mitchell D. Green prays that this Court reverses the judgment of dismissal and orders that a writ of habeas corpus be entered dismissing with prejudice all charges in Milwaukee County Circuit Court case 19-CF-914.

                                        Respectfully submitted,

                                        /s/ John T. Wasielewski
                                        _____
                                        John T. Wasielewski
                                        Attorney for Mitchell D. Green

CERTIFICATE OF COMPLIANCE
WITH FRAP 32(a)(7) AND 32(g), AND CIRCUIT RULE 32(c)

I hereby certify that this reply brief conforms with form and length requirements of FRAP 32(a)(7)(B)(ii) and 32(g), and Circuit Rule 32(c). This brief is in 14 point New Times Roman font, with block quotations in 13 point. It is double spaced. It contains 2630 words.

                                        /s/ John T. Wasielewski

                                        _____
                                        John T. Wasielewski